IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHRIS RYAN DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:22-cv-1060-SHM-tmp |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT (ECF NO. 1) WITH PREJUDICE**

On April 4, 2022, Plaintiff Chris Ryan Davidson filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On April 19, 2022, Davidson filed a motion for leave to proceed *in forma pauperis*. (ECF No. 8.) On April 27, 2022, the Court granted Davidson's motion to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 9 (the "IFP Order").)

Davidson's complaint alleges defects in criminal proceedings against him in Madison County, Tennessee. (ECF No. 1 at PageID 1.) Davidson claims to have been unlawfully abducted, detained without ability to call family or friends for nearly eight months, and held for 275 days which is more than the maximum sentence of 270 days. (*Id*.) The Tennessee Department of Correction's (the "TDOC") Felony Offender Information website does not produce a record of Davidson's incarceration (*see* https://foil.app.tn.gov/foil/results.jsp (last accessed Feb. 23, 2024)), although Davidson claims to have been convicted of an unspecified crime (*see* ECF No. 1 at PageID 5). Madison County Circuit Court records that Davidson appended to his complaint show

that Davidson was held pursuant to an indictment returned by the Madison County Grand Jury on October 4, 2021 (*id.* at PageID 20), and that he was incarcerated at the Madison County Jail as of October 28, 2021 (*id.* at PageID 21).  According to his *in forma pauperis* motion, Davidson is not currently incarcerated.[1]  (*See* ECF No. 8 at PageID 32.)

The complaint (ECF No. 1) is before the Court.

Davidson sues the State of Tennessee.  (*Id.* at PageID 1.)  Davidson seeks only injunctive relief:  (1) against the State of Tennessee "for aggravated kidnapping, tampering and fabricating evidence, forgery, and criminal conspiracy"; and (2) against five individual officials:  (a) Madison County Circuit Court Judge Donald H. Allen; (b) Madison County Circuit Court Clerk Kathy Blount; (c) State Prosecutor Matthew Floyd; (d) State Attorney Al Earl; and (e) Sergeant Cagle.  (*Id.* (individuals (a) – (e) are collectively referred to as the "Five Officials").)  The injunctive relief Davidson seeks against the Five Officials is "nullification of the career convictions and case handlings of Judge Don Allen, Court Clerk Kathy Blount, State Prosecutor Matthew Floyd, and Sgt. Cagle on the grounds that they are likely habitually and illegally convicting citizens".  (*Id.* [State Attorney Al Earl omitted in original].)

For the reasons explained below: (1) the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE; and (2) leave to amend is DENIED.

I.      **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

---

[1] Davidson said in his *in forma pauperis* affidavit that he is homeless. (ECF No. 8 at PageID 32.)  The Court directed Davidson to provide a mailing address. (ECF No. 9 at PageID 34.)  Davidson has provided an email address for his contact information.

2

>    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011)

3

(affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

For purposes of screening his complaint, the Court construes Davidson's claims as alleged under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. ANALYSIS OF THE COMPLAINT

### A. Claims Against The State Of Tennessee

Davidson has no valid claim against the State of Tennessee.

The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). States may waive their sovereign immunity, and Congress may legislatively abrogate specific applications of the States' sovereign immunity, "[b]ut absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) (citations omitted)).

Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Davidson's claims against the State of Tennessee are barred by sovereign immunity.

Davidson cannot bring claims against the State of Tennessee for the additional reason that states are not persons under 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. Of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

For these reasons, Davidson's claims against the State of Tennessee are DISMISSED WITH PREJUDICE. The remaining question is whether Davidson alleges facts about the Five Officials that might otherwise support § 1983 claims to relief.

B.      **Potential Claims Against The Five Officials**

The Supreme Court has clarified that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 481 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).

Davidson seeks injunctive relief based on the official acts of the Five Officials. Even if Davidson's claims were official capacity claims against the Five Officials whose official acts he seeks to enjoin, or "nullify", Davidson would fail to state a claim. Davidson complains that he was abducted, was not able to call family or friends, and was detained for five days more than the maximum sentence of 270 days. (ECF No. 1 at PageID 1.) Davidson appends pleadings filed in the Circuit Court of Madison County, where Davidson argued that evidence in his criminal case was concealed, falsified, or tampered with, and that he was wrongfully convicted. (*Id*. at PageID 2-22.) Davidson alleges that the Five Officials whose acts he seeks to enjoin "are likely habitually and illegally convicting citizens". (*Id*. at PageID 1.)

5

1. **<u>Judicial Immunity</u>**

The complaint alleges that Judge Allen tampered with, fabricated, and forged evidence, and participated in "aggravated kidnapping" – which the Court construes as a reference to Davidson's detention. (ECF No. 1 at PageID 1.) The plausible inference from the complaint is that Judge Allen presided at the criminal proceedings that resulted in Davidson's detention. (*Id.*) Davidson's Madison County Circuit Court pleadings attached to the complaint show that Davidson argued: (1) an exhibit was filed under the wrong case number (*id*. at PageID 2); and (2) falsified text messages and a falsified incident report were used to obtain Davidson's conviction (*id*. at PageID 4-5). The plausible inferred allegation is that Judge Allen disregarded Davidson's evidentiary arguments. Any claim by Davidson against Judge Allen based on these allegations fails as a matter of law.

It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993).

To the extent Davidson's claims against Judge Allen are supported by factual allegations, those claims are based on Judge Allen's rulings, orders, and sentencing decisions during Davidson's criminal proceedings. Those acts of Judge Allen were within the scope of his judicial functions and are entitled to absolute immunity. To the extent Davidson's complaint is construed

6

as alleging claims under § 1983 against Judge Allen, those claims are barred by judicial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### 2. **Quasi-Judicial Immunity**

Defendant Blount is Madison County Circuit Court Clerk. It is well established that court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir.1988); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir.1973) (where plaintiffs' charge relied on an act performed by the municipal court clerk within the scope of his official quasi-judicial duties, the clerk was entitled to immunity). In *Lyle v. Jackson*, 49 F. App'x 492 (6th Cir. 2002), a *pro se* prisoner challenged the dismissal of some of the claims disposed of in the initial screening order. Lyle sought monetary damages from two court clerks for allegedly failing to provide him with requested copies of previous filings and transcripts. The Sixth Circuit concluded that all of the claims were properly dismissed on the basis of quasi-judicial immunity. *Id*. at 494 *(*citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir.1988)). *See also Bare v. Atwood*, 204 N.C.App. 310, 315 (2010) ("[T]he Clerk plainly was performing a judicial function because she was acting in her capacity as the Clerk of Court.").

Davidson fails to allege any specific act taken by Blount. For purposes of resolving Davidson's claims, his allegations against Blount are construed to allege claims based on Blount's official acts. The plausible inferred allegation is that Davidson disputes official acts taken by Blount. Those acts were within the scope of Blount's quasi-judicial functions and receive absolute immunity. Any claim by Davidson against Blount based on Davidson's allegations fails as a matter of law.

7

To the extent Davidson's complaint is construed as alleging claims under § 1983 against Blount, those claims are barred by quasi-judicial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

### 3. **Prosecutorial Immunity**

Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). A prosecutor's decision to bring or not to bring charges against a particular person is protected by prosecutorial immunity. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). A prosecutor's conduct outside the judicial phase of the criminal process, such as conduct as an investigator or administrator, is not protected by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *see also Roybal v. State of Tenn. Dist. Attorney Gen.'s Office for Montgomery Cnty.*, 84 F. App'x 589, 590 (6th Cir. 2003) (finding that the district court properly concluded that prosecutorial immunity barred the claims against the district attorneys general in their individual capacities) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Davidson alleges no facts suggesting that Floyd and Earl took actions outside their prosecutorial role. Davidson alleges instead that Floyd and Earl tampered with, fabricated, and forged evidence, and participated in "aggravated kidnapping", which the Court construes as a reference to Davidson's detention. (ECF No. 1 at PageID 1.) The plausible inference from the complaint is that Floyd and Earl prosecuted Davidson in the Madison County Circuit Court criminal proceedings that resulted in Davidson's detention. (*Id*.) According to Davidson's

8

Madison County Circuit Court pleadings attached to the complaint: (1) Davidson argued to the Circuit Court that Floyd presented false or altered evidence in the course of prosecuting Davidson (*id*. at PageID 5, 9); and (2) Davidson claimed that Earl had unlawfully detained Davidson for nearly eight months without ability to call family or friends (*id*. at PageID 19-21). Any claims by Davidson against Floyd and Earl based on these allegations fail as a matter of law.

For purposes of resolving Davidson's claims, his allegations regarding Floyd and Earl are construed as alleging claims based on their official acts. Davidson fails to allege that the criminal prosecution against him was improper. Davidson's allegations against Floyd and Earl arise solely from actions they took in their traditional roles as prosecutors for the State. Floyd and Earl are immune from suit for that conduct. Davidson has failed to show that Floyd and Earl took any action other than action in the course of traditional prosecutorial functions.

To the extent Davidson's complaint is construed as alleging claims under § 1983 against Floyd and Earl, those claims are barred by prosecutorial immunity and are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

    4.    **<u>Witness Immunity</u>**

Davidson's complaint alleges Cagle tampered with and fabricated evidence. (ECF No. 1 at PageID 1.) Davidson alleges that Cagle: (1) lied under oath "claiming" that Davidson had fled the scene to avoid arrest although Davidson maintains the officers decided to sit and eat breakfast instead of arresting Davidson and that Davidson remained at the scene until all of the officers left; and (2) falsified the incident report affidavit prepared during the presentence investigation by check-marking the box for "History of Arrest" and the box for "State Charge", although the report itself "details that absolutely no criminal record was found in Davidson's background". (ECF No. 1 at PageID 6; *see also id*. at PageID 15 (Madison County Circuit Court pleading in which

9

Davidson seeks an injunction based on his claim Sergeant Cagle tampered with the incident report by marking the box for "History of Arrest" thereby wrongly presenting Davidson as a repeat offender); *id*. at PageID 18 (the affidavit form in question checkmarks the box for "State Arrest" instead of the box for "City Warrant" and shows a checkmark in the box for a "YES" response to query for "HISTORY OF ARREST").)

It has long been established that witnesses who testify at trial, whether government officials (including police officers) or lay witnesses, are entitled to absolute immunity from suit based on that testimony. *Briscoe v. LaHue*, 460 U.S. 325, 334–46 (1983). In *Rehberg v. Paulk*, the Supreme Court determined that "grand jury witnesses should enjoy the same immunity as witnesses at trial." 566 U.S. 356, 369 (2012). Thus, "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." *Id*. The Supreme Court explained that there is no justification to "distinguish law enforcement witnesses from lay witnesses," explicitly rejecting the argument that absolute immunity does not apply to grand jury testimony provided by police officers. *Id*. at 367.

Cagle is entitled to witness immunity for his testimony about the circumstances of Davidson's arrest. It is clear that Davidson was arrested because he was subsequently jailed and prosecuted. Davidson's complaint attaches documents construed as excerpts from the record of the Madison County Criminal Court case, which show that Davidson challenged Cagle's testimony in the criminal proceeding. (ECF No. 1 at PageID 12 ("Sgt. Cagle gave false testimony as well, [Davidson's] evidence determined these facts at trial.").) Davidson appears to have asserted that his testimony was, or should have been, determinative in discrediting Cagle's testimony, without considering that it is the judge's and/or jury's role to determine credibility if conflicting testimony is presented.

Davidson's allegation about the allegedly misplaced checkmarks on the incident report affidavit (ECF No. 1 at PageID 18), is reasonably understood as an allegation that Cagle gave false testimony in the affidavit. Davidson perhaps misconstrues the meaning and effect of the checkmarks that Cagle placed on the affidavit form. Cagle's choices to checkmark "State Warrant" instead of "City Warrant", and to checkmark the "Yes" box instead of the "No" box for History of Arrest, may be correct within the context of the form. Cagle did not thereby misrepresent Davidson's criminal history because, as Davidson acknowledges, elsewhere the report clearly states: "… after diligent search of the records concerning the defendant's criminal history, no criminal convictions can be found at this time". (*Id*. at PageID 17; *see also id*. at PageID 6 (Davidson's allegation that Cagle's report "details that absolutely no criminal record was found in Davidson['s] background").)

Davidson fails to allege that the criminal prosecution against him was improper. Davidson's fundamental allegations against Cagle are based on Cagle's traditional role as witness in the State's prosecution. Cagle is immune from suit for that conduct. Any claims by Davidson against Cagle based on those allegations fail as a matter of law.

To the extent Davidson alleges that Cagle "falsified" the incident report affidavit, the facts stated in Davidson's complaint do not support that allegation.

To the extent Davidson's complaint is construed as alleging claims under § 1983 against Cagle, those claims are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

11

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court denies leave to amend the complaint because amendment would be futile.

## V. **APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court considers whether an appeal by Davidson would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the reasons the Court dismisses Davidson's complaint against the defendants for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Davidson would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Davidson appeals, he must pay the full appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## VI.     NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Davidson's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

## VII.    CONCLUSION

For the reasons set forth above:

13

      A.      The complaint (ECF No. 1) is DISMISSED WITH PREJUDICE in its entirety for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2); and

      B.      Leave to amend the complaint is DENIED.

SO ORDERED, this 23rd day of February, 2024.

                                        */s/ Samuel H. Mays, Jr.*
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE